IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Avon Green, | ) | C/A: 5:18-1901-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Warden, Palmer Pre-Release Center, | ) | |
| | ) | |
| Respondent. | ) | |

Richard Avon Green ("Petitioner"), a state prison inmate appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 2011 Sumter County conviction and his sentence for first-degree attempted burglary.

The Magistrate Judge assigned to this action has filed a Report and Recommendation ("Report") suggesting that the § 2254 petition filed by Petitioner is successive and that he has not received permission from the Fourth Circuit Court of Appeals before he can file a second or successive petition. (ECF No. 15). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation and without a hearing.

Petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 14, 2018. Petitioner has not filed any objections within the prescribed time limits. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

However, on August 29, 2018, Petitioner filed a motion to stay this action so that he may pursue permission from the Fourth Circuit Court of Appeals. (ECF No. 19). On September 4, 2018, this Court granted Petitioner's motion to stay this action. (ECF No. 20). This Court instructed

Petitioner he had until October 4, 2018 to obtain permission from the Fourth Circuit to file a second or successive petition. (ECF No. 20). Petitioner was told to then notify this Court by November 5, 2018 of the status of the Circuit's decision. (ECF No. 20). Thus, the time to notify this Court of the Fourth Circuit's decision expired on November 5, 2018, and to date, Petitioner has not filed anything with this Court regarding the status of the Fourth Circuit's decision.

The Magistrate Judge correctly opines that the petition filed in this case appears to be a second and successive petition as it raises claims against the validity of the 2011 conviction that could have been brought in the first habeas case, or, to the extent that they are truly newly discovered, should have been authorized by the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Petitioner has already had a federal § 2254 petition addressing this same conviction and sentence considered by this Court on the merits. *Green v. Warden*, No. 5:16-3191-JFA-KDW (D.S.C.).

As Petitioner has not received permission from the Fourth Circuit to file a successive petition, this Court is without authority to hear the § 2254 petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds that the Magistrate Judge's recommendation is proper and it is incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).[1]

    IT IS SO ORDERED.

April 19, 2019                                       Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."